UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>*Plaintiff*,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>*Defendant.* | CASE NO. 3:22-cv-00009<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

Plaintiff Ronald Satish Emrit commenced this action against the Central Intelligence Agency by filing a *pro se* complaint as well as an application to proceed *in forma pauperis*. Dkts. 1, 2. For the following reasons, the Court will grant the application to proceed *in forma pauperis* but dismiss the complaint.

The complaint fails to state a plausible claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B) (applicable to *in forma pauperis* proceedings); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006) (stating that 28 U.S.C. § 1915(e) governs *in forma pauperis* filings, as well as complaints filed by prisoners, and permits district courts to, on their own motion, dismiss *in forma pauperis* complaints that are frivolous, malicious, or fail to state a claim). To state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), accepting all well pleaded factual allegations in the complaint as true and taking all reasonable inference in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). A court need not accept as true "legal conclusions, elements of a cause of action, … bare assertions devoid of further factual enhancement, … unwarranted inferences, unreasonable conclusions, or arguments." *Richardson v. Shapiro*, 751 F. App'x 346, 348 (4th Cir. 2018) (quoting *Nemet*

*Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted)). Courts are to construe the filings of *pro se* litigants liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1970), but nonetheless, a *pro se* complaint must state a plausible claim to relief, *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Court notes that another federal district court has recently found that Plaintiff "has filed no fewer than *200* civil actions in federal district courts since 2013, and the Middle District of Florida has issued a 'Vexatious Litigant Order' in a case he filed there, barring Emrit from filing any new document in that district without first obtaining" prior written approval, and that "many of [Plaintiff's] other actions have been dismissed as frivolous, malicious, or for failure to state a claim." *Emrit v. Epic Med. Records*, No. 18-cv-937, 2021 WL 5881976, at *1 (W.D. Wis. Dec. 13, 2021) (citations omitted). This Court recently dismissed another action by Plaintiff for failure to state a claim and failure to prosecute. *Ermit v. PNC Bank*, No. 3:21-cv-29 (W.D. Va. Feb. 16, 2022). In this case, even affording the complaint a liberal construction, Plaintiff's claims are inscrutable. His complaint fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and has failed to state a plausible claim to relief, *see Iqbal*, 556 U.S. at 679.

For these reasons, the Court will **GRANT** Plaintiff's motion to proceed *in forma pauperis*, Dkt. 1, but **dismiss** Plaintiff's complaint for failure to state a claim.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to Plaintiff.

Entered this  7th   day of March, 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE